The court now calls case 118347, People of the State of Illinois v. Raymond E. Goosens. Are you ready to proceed? Ready? Is that the correct pronunciation of the defendant's last name? Goosens, yes. Thank you. Good morning, Your Honors. My name is Rickenshaw. I represent Raymond Goosens on behalf of the State Appellate Defender. After a jury trial, the defendant was convicted of intimidation in a Class III felony for threatening to not respond to 911 calls from Cordova Dragway. The trial court sentenced the defendant to probation and imposed a probation condition that the defendant shall become current in his child support in a different and civil case and that he shall not be released from the probation until his child support is current. The issue in this case involves two separate parts. One part is the more broader question of whether the 19 enumerated conditions in 730 ILCS 5-5-6-3B are somehow exempt from the requirement that they relate to the nature of the offense or the rehabilitation of the defendant. However, the more specific question and the one I'd like to be focusing on this morning is whether the specific probation condition imposed in this case that required the defendant to become current on his child support in a different and civil case in order that the defendant shall not be released from the probation until his child support is current was authorized by subsection B of the statute. And the answer to that question is no, Your Honors. There's absolutely nothing in subsection B that authorized in the statute that authorized the trial court to enforce a civil judgment by requiring the defendant to become current on his child support and to make the probation term indeterminate by basically requiring that the defendant can't come off probation until his child support is current. The statute really focuses on this language in the subsection B that requires the defendant to support his dependence. However, that language would only permit a trial court to require a defendant to support his dependence during the term of his probation. There's just nothing. I mean, this trial court's order went well beyond what subsection B permitted. There's just nothing in the statute that authorizes the trial court or the defendant to pay three and a half years worth of child support. And $12,000 in back child support or nearly $12,000 in back support from before the probation term even began, like I said, I can't find anything in the statute that authorizes that particular condition. But you do agree that the condition to support his dependence is something the court could do. I agree that that is something the court could do in the right case. I think the issue here is a specific condition that the trial court imposed, which goes well beyond supporting his dependence. It's asking for him to become current in that child support in a different and completely unrelated civil case and to enforce that civil judgment in saying that he can't come off his probation until he does that. So even assuming R.U.N. doing the state's best case here is that child support relates to the defendant's rehabilitation, it still doesn't authorize trial courts to require criminal defendants to become current in their child support in its unrelated civil cases and to require the defendant shall not be released from the probation until their child support is current. So you're not arguing then that the condition imposed has to relate to the charge for which the defendant has been found guilty? I think that's a broader argument, Your Honor, but I don't think we even need to get to that. I think that's where the appellate court went with the appellate court's decision. But I think the more specific question here is whether this specific condition either reasonably relates to the nature of the offense or the rehabilitation of the defendant. And I think the answer to that is no, because there's nothing in the statute that authorizes the trial court to impose a condition that he pays three and a half years of back child support and that he has to comply with the civil order and that he can't come off probation until he does that. So is this a question of statutory interpretation then? Yes, Your Honor, because there's a question of whether this was authorized under the statute, and it simply wasn't because there's nothing in the statute that authorized that condition. So currently I think this court should vacate that probation condition. That's all I really have, unless Your Honor's have additional questions. So just to clarify, in your brief you, I think, argued strenuously that the court could not impose a condition of supporting dependence unless it was related to the offense for which the person is put on probation. You're not making that argument now, is that correct? I would rest on my brace with respect to that argument, Your Honors, because I do think that is an issue. But, however, I think the more specific issue that I'd at least like to focus on this morning is whether this specific condition was authorized, because that's a broader question. I don't think we'd get there. So we can ignore the restrictive, non-restrictive, comma setting off in that portion of your argument? Well, Your Honor, I think that you would get to that if you decided that somehow this condition that the trial court imposed If we say that the trial court could impose a condition of supporting dependence, then we get to your other issue, whether this order of the trial court complied with supporting dependence. Is that correct? Well, Your Honor, I think that part of it would apply if you not only decided that supporting the dependence is part of the statute, but also that the specific condition falls into that language of supporting dependence, that the trial court can order a defendant to pay three and a half years worth of back trial support, and that he complies with that civil judgment, and that he can't come off probation until he does comply with that judgment. Then that's it. I think that's when we get to that question of whether that reason relates to the nature of the offense or the rehabilitation of the defendant. Until we answer that question, I don't think we get there. So you're saying that the condition imposed by the trial court comes under the broad umbrella of, in addition to other reasonable conditions relating to the nature of the offense. It doesn't come under the subsection 6, which says support is dependence, because it's not simply an order to support dependence. Is that your argument now? That's correct, Your Honor. It's not under subsection 6. Wouldn't you agree, counsel, that child support will almost never independently relate to an offender's crime or rehabilitation? No, Your Honor. I do think there are situations where it would independently relate. For example, a domestic battery or some type of violence in the home type situation. I think there is some relation to that there. But to be clear, I think that is a different situation than what we have here, because the issue here is the condition that was imposed by the trial court, which goes well beyond just saying support dependence in terms of probation. I think that would be a whole different case. Thank you, Your Honors. Thank you. May it please the court. Counsel. Counsel. Assistant Attorney General Josh Schneider on behalf of the people of the state of Illinois. The court will indulge me. I'll do a little bit of table setting to make sure that we've got the issues in front of us. It sounded like defendant's position and argument is not abandoning the broader argument raised in his brief that supporting one's dependence is not an appropriate condition unless it relates to the nature of the offense for which he was convicted. But that he's raising the additional argument that it is not, that paying one's child support payments is not supporting one's dependence within the understanding of subsection 6 of section 5-6-3b. And it further seems like there is an argument that not being released from probation until that condition is satisfied is a problem. With respect to that second argument, that the probation is somewhat indefinite, first we point out that that argument has been forfeited. Although that argument was raised in the appellate court, it was not raised in either the PLA or the opening brief. It appeared for the first time in the reply brief. But more importantly, the condition is not actually indefinite. It's a financial condition. It's a financial condition that isn't meaningfully different than restitution or an order that the defendant pays fines and fees. The question of whether one is current in one's child support obligations is addressed at the end of the probation period. The court simply asks the question, has it been paid? It's the same inquiry the court would engage in for restitution. Has the amount of the restitution been paid for fines? Have the fines been paid? And there is no question that paying child support payments is supporting one's dependence. If one does not have custody of one's dependence, the only way one can support them is through child support payments. And the fact that the specific amount of that child support payment has been adjudicated in a prior civil proceeding really has no bearing on the propriety of the support condition in this case. It's not exactly clear what the intersection is between the prior civil adjudication of the amount of the support obligation and the support condition in the criminal proceeding that is problematic. They're simply separate obligations. It's true that a violation of the civil order, of the support order, will also be a violation of the probation condition that defendants support dependence. But the fact that a violation of one order may also be a violation of another order doesn't make one order an inappropriate criminalization of a civil order. They're simply separate orders accomplishing separate purposes. I would turn briefly to the argument in defendant's brief that I understand to be that a support condition is inappropriate unless it actually relates to the nature of the offense. There's been a little bit of drift there, and the reply briefly sounded like they would concede that it may also relate to rehabilitation, but in a narrow sense where the rehabilitation is linked somehow to the nature of the offense. But were the court to adopt that limitation on the enumerated conditions of Section 5-6-3b, it would be essentially writing out a number of the enumerated conditions. The purposes of probation as an institution are several. One is rehabilitation, restoring the defendant to useful citizenship. One is punishment, although it's less punitive than imprisonment. It is still an element of punishment involved. And the third is providing an alternative to imprisonment, where imprisonment would impose undue hardship on innocent third parties like the defendant's victim or his children's dependents. But probation conditions need not only further those three broad purposes of probation as an institution. For probation to actually be a viable alternative to imprisonment, there must be assurances that it can be served without putting public safety at risk, and so probation conditions can also protect public safety. And finally, there is a class of probation conditions I would describe as monitoring or enforcement conditions, where the conditions ensure that the substantive, rehabilitative, punitive, protective conditions are followed and complied with. So were every enumerated condition to be held to the narrow relatedness requirement as unenumerated conditions in relation either to the nature of the offense or rehabilitation, then a number of them would simply be inapplicable in all cases. Home confinement is punitive in the way that imprisonment is punitive, albeit less punitive than that. It's also protected in that it prevents a prisoner, a probationer rather, from committing crimes in public for the most part. But the accompanying condition of wearing an electronic monitoring device is neither punitive nor protective. It's an enforcement mechanism, and under defendant's reading of the statute, neither of those would be available, as home confinement doesn't relate to the nature of any particular offense unless in the broad sense that an offense took place in public. And monitoring, knowing where the probationer is at any given time, is not related to the nature of the offense or itself rehabilitative. So the first enumerated condition of periodic imprisonment would be gone. The condition of home confinement would be gone. It's not clear when one could ever impose a condition of working or pursuing a vocational training course or course of education. There's simply a number of enumerated conditions would no longer be available to sentencing courts. And the court has broad discretion to tailor a probation term to the specific needs of each individual defendant. Do we have any issue as to whether this case should even be before us? Because there was no objection made, I believe, at the trial level. There were some changes in the conditions of probation, adding the ability to go bow hunting after it was initially imposed, but this was never challenged. Should we even be here? That's right, Your Honor. This claim was forfeited altogether. It wasn't raised at any point in the trial report, as Your Honor points out. There was no objection to this particular condition, and although the defendant did seek an adjustment to the probation order, simply why it is believed to use a bow for bow hunting, and so not having raised it at all in the trial court as forfeited, the defendant tries to get around that forfeiture by arguing voidness, but an error in a probation condition, even if it were erroneous, and it is not, an erroneous probation condition simply does not render a probation order void. As this court pointed out in Belleville-Toyota, the circuit courts have jurisdiction conferred by the Constitution in the 1964 amendment that was retained in 1970, and once that jurisdiction is conferred by filing a charging instrument, it cannot be lost through an error of law, and so in this case, the defendant was charged with intimidation. That conferred jurisdiction over the charge and that jurisdiction conferred jurisdiction to include a sentence, regardless of whether the sentence ended up being correct. Jurisdiction also includes the jurisdiction to err, although that error may be corrected if it is preserved below and raised properly, but even under the pre-1964 case authority, which has persisted, despite this court's warnings in Belleville that pre-1964 case law should be cited cautiously with respect to context and changes, even under the obsolete line of case law that said that jurisdiction was derived by statutory authority rather than the Constitution, this condition still would not be void, because a void sentence under the pre-1964 case law was a sentence that the court had no authority to enter, not that the court abused its discretion in entering. So, for example, in Arna, the sentencing court imposed a concurrent sentence where only a consecutive sentence was available. In People v. Brown, the court entered a sentence that was longer than the statutory maximum. In Malcow, shorter than the statutory minimum. And in those cases, unlike here, where the court has discretion to impose probation conditions, the court had, those errors were not abuses of discretion because the court had no discretion to act in those beyond the sentencing range. Here, where the court has discretion, the boundaries within which it can exercise its discretion include areas where the exercise will be abusive. It includes room to err. So even under the pre-1964 authority, this is not a void order. If there are no further questions, we would rest on our brief and ask this court to inform the lower court's judgment. Thank you, counsel. Mr. Shaw, would you address my question that I made to Mr. Schneider, why are we here if this was forfeited at the trial level? Well, Your Honor, because the state actually forfeited its forfeiture argument by failing to raise it at the appellate courts. First off, because, well, basically, I just didn't make the objection in a timely manner. That's under People v. Williams. So the issue is not approached at the appellate court level? Is that true? What's that? The issue of whether the appellate court jurisdiction was not discussed at the appellate court level? Absolutely not. The state filed about a two-page brief at the appellate court and didn't even make the argument that we forfeited this argument at all. Would you agree that had this been raised at the trial court level, if your specific objection is that the condition was broader than the statute permitted, it could have been corrected at that level? I would not agree with that, Your Honor. I mean, if it had been objected to, we would have made the argument that I think this court addressed this void in its argument. I mean, the state's been making this, it seems, for the past decade at least. I mean, it made a similar argument in People v. Thompson in 2004. And in that case, the people sided to People v. Davis and People v. or Bellevue v. Toyota, just as it did here. And in that case, well, first off, Thompson preceded Bellevue. And in that case, this court specifically stated that it refused to apply Davis to that sentencing issue. And it said that Davis is not a sentencing issue. Davis was a constitutional issue. I think it was a double jeopardy issue and refused to apply to Davis at Thompson. So I think that resolves the issue here. And I know that the People v. Castleberry is sitting before this court as well under advisement. So I guess where the court goes with that, obviously. It affects my case as well. But I would have definitely made it that had it been objected to, I would have definitely made an argument that this is, in fact, void. And for a lot of the reasons I cited to my reply brief. Now this thing also makes this argument just now that I made an additional argument regarding to whether the specific condition was imposed, whether that was not authorized by statute. But that was the issue point in my brief, whether the trial court was authorized to impose the specific condition that the defendant shall not become current in his child support in a differing, completely unrelated civil case, and that he shall not be released from probation until his child support is current. And I think the state is right that I did waive the separate argument that I made at the appellate court with respect to whether the sentence is indeterminate. But I think that issue is still here to the extent that whether it was authorized by this condition or not. Because it was all one probation condition. And part of that probation condition was whether or not, or part of that probation condition said that the defendant shall not be released from his probation until he is current on the child support. And then the state argues that we kind of conceded a rehabilitation argument with respect to child support. We didn't concede that argument. The argument was that the specific condition here doesn't relate to the nature of the offense or the rehabilitation of the defendant. And actually, that was on my points. Thank you, Your Honors. Thank you. Case number 1183477, People of the State of Illinois v. Raymond E. Goossens, will be taken under advisement as agenda number six. Mr. Shaw and Mr. Snyder, thank you for your arguments this morning. And we are excused at this time.